## CARTER vs. REAGAN & WIFE.

The defendant in an action of Unlawful Detainer, having paid the balance of the purchase money for the plaintiff and gone into possession under a contract that he was to retain it free of rent until the return of the plaintiff, holds under him, and not adversely, until the return of the plaintiff and demand of possession; and so is not entitled to the benefit of the act of limitations nor, under such contract, is he entitled to retain possession of the property until the money advanced is repaid him.

*Appeal from Desha Circuit Court.*

Hon. JOHN C. MURRAY, Circuit Judge.

FARRELLY & FINLEY, for appellant.

WEATHERFORD, for appellees.

Mr. Justice FAIRCHILD delivered the opinion of the court.

Reagan and wife were entitled to the possession of certain town property in Napoleon, upon paying Cheatham and Stewart four hundred and twenty dollars. They were able to pay but three hundred dollars, but procured Carter to pay the remainder for them, and by doing so, he was authorized to receive possession of the property for Reagan and wife, and hold it free of rent till they should return from California, where they then were. It was about the first of January, 1855, that Carter, under this arrangement, took possession of the property; and he held it without interruption till the 22d of October, 1858, when Reagan and wife, having returned from California, demanded possession. This demand not being com-

plied with, this suit of Unlawful Detainer was brought to recover the possession withheld.

Carter contended that, as his possession of the property had lasted longer than three years, the plaintiffs could not maintain their suit. Until the plaintiffs returned and demanded the property, Carter held it under them, and for them, and his possession not being adverse to their claim is not a possession under the statute of Forcible Entry and Detainer, on which he can have the benefit of a plea of peaceable and uninterrupted possession against the plaintiffs. *Burke vs. Hale*, 4 *Eng.* 328; *McGuire vs. Cook*, 13 *Ark.* 452.

Carter also defended the suit on the ground that he was not obliged to yield the possession of the property, till the plaintiffs had offered to pay him the one hundred and twenty dollars which he advanced for them to Cheatham and Stewart. This would depend entirely upon the contract between the parties, supposing the contract, or a note or memorandum of it, to be reduced to writing, and signed by the plaintiffs. And this was the case, the whole communication upon this subject, on the part of the plaintiffs, being made in letters received from them from California. The letters were not produced, and their contents were proved to the court. Two witnesses testified concerning the effect of the letters upon this subject—one did not know whether there was any thing in them about an agreement, or assurance of the plaintiffs that Carter should have the property till the one hundred and twety dollars were paid to him: while the other testified that the plaintiffs would pay Carter the one hundred and twenty dollars that he paid out for them. Both witnesses agree that the letters were that Carter was to have the property free of rent, till the plaintiffs returned from California, but there is no proof that the possession was to be retained till the plaintiffs paid Carter the one hundred and twenty dollars. They would pay that sum, but did not agree to let Carter hold the property, after their return, till the payment was made.

The first instruction asked by the defendant was therefore

abstract, not founded upon any evidence in the case, and was properly refused. The other instructions, both those given and refused, did not involve the court in error. The verdict was not against the evidence; the motion for a new trial was well overruled, and the judgment of the Circuit Court is affirmed.