Onie NORMAN *v.* L.J. RANDLE

CA 05-1326                                    236 S.W.3d 532

Court of Appeals of Arkansas
Opinion delivered May 24, 2006

*Joseph P. Mazzanti, III*, for appellant.

*Brown & McKissic Law Firm*, by: *Earnest E. Brown, Jr.*, for appellee.

TERRY CRABTREE, Judge. Appellee L.J. Randle brought an action for unlawful detainer and breach of contract against appellant Onie Norman. Appellant affirmatively pled that appellee's actions were barred by the statute of limitations. By an order filed July 7, 2005, the trial court dismissed the breach-of-contract complaint as barred by the statute of limitations; however, the court found that appellee had complied with the unlawful-detainer statute and was entitled to immediate possession of the property at issue. Appellant asserts on appeal that appellee's unlawful-detainer action also should have been barred by the statute of limitations, and that it was error for the trial court to otherwise find. We find no error and affirm.

Appellee is the owner of L.J. Randle Construction Company in Pine Bluff, Arkansas. His wife, Gloria Randle, is the business manager. Appellant issued a quitclaim deed to Lee and Gloria Randle conveying her interest in the following property: Lot Four [4] in Block One [1] of Waterman's Addition to the City of Dumas, Arkansas. In conjunction with the execution of the deed, the parties entered into a contractual agreement for L.J. Randle Construction Company to build a commercial building on the property to be used as a daycare center. In exchange, appellant executed a promissory note that required her to repay the debt in installment payments.

There was undisputed evidence at the trial in the form of testimony and business records reflecting that appellant stopped making regular payments on the loan sometime in 1997. According to the testimony of Gloria Randle, appellant told her that she "didn't have enough kids" enrolled at the daycare to be able to

make her payments. In an effort to help appellant become current with her balance, appellees sent a letter to appellant dated January 5, 1998, offering to accept four half payments. The letter requested that appellant begin making full payments by April 1998. Appellant did not resume making regular payments. Appellee testified that he and his son had gone to the property on several occasions so that they could talk to appellant about her delinquency. He said that appellant "couldn't be found." He also testified that on two occasions when he and his son went to inspect the property "they wouldn't let us in."

On March 3, 2004, appellant sent a letter to appellee that read:

> Dear Mr. Randle,
>
> The building is up for sale. Two people have inquired. I gave them your telephone number to contact you. Hopefully it will sell soon, to take care of the debt.
>
> Sincerely,
> Onie Norman

Gloria Randle testified that, prior to receiving this letter, appellant had not sought permission to put the building up for sale. On November 9, 2004, pursuant to the requirements of Ark. Code Ann. § 18-60-304 (Repl. 2003), appellee gave notice to appellant to quit and vacate the premises, and on November 11, 2004, appellee initiated this action.

While the trial court found appellee's breach-of-contract lawsuit to be barred by the statute of limitations, it found that appellee was entitled to relief pursuant to the unlawful-detainer statutes. Appellant does not dispute the facts of the case. Her only assertion on appeal is that appellee's unlawful detainer action is outside the applicable statute of limitations and should be barred.

Appellant argues that appellee's action is barred by the provisions of Ark. Code Ann. § 18-61-104 (Repl. 2003), which provides:

> Three (3) years' peaceable and uninterrupted possession of the premises immediately preceding the filing of a complaint for forcible entry and detainer or unlawful detainer may be pleaded by any defendant in bar of the plaintiff's demand for possession.

She asserts that she has been in peaceable and uninterrupted possession of the premises for three years, and therefore, appellee should be barred from an action against her in unlawful detainer. Appellant's argument is similar to the one made by the appellant in *Carter v. Regan et ux.*, 23 Ark. 74 (1861).

■ In *Carter*, the appellant paid a sum of money to take possession of property belonging to appellee, with the understanding that appellee would resume possession when he and his wife returned from California. Appellant took possession in January 1855, and he remained in possession until appellee and his wife returned from California in October 1858. Appellee demanded possession, and appellant refused to vacate. Appellant contended that, because he had been in peaceable and uninterrupted possession for three years, appellee's action in unlawful detainer was barred by the statute of limitations. The court held that, until appellee demanded the property, appellant held it under him, and for him, and "his possession not being adverse to their claim is not a possession under the statute of Forcible Entry and Detainer, on which he can have the benefit of a plea of peaceable and uninterrupted possession against the plaintiffs." *Id.* at 75. The same is true in the case at bar. Appellant held the property as a tenant of appellee, and the statute of limitations did not begin to run until appellee made a demand for the property, which occurred in November 2004. Because we agree that appellee complied with the unlawful detainer statute and is entitled to a writ of possession, we affirm the decision of the trial court.

Affirmed.

BIRD and GLOVER, JJ., agree.